Forcy and another, Executors, etc., Respondents, vs. Leonard, Appellant.

*May 1 — June 1, 1885.*

*Pleading: Amendment, to conform to facts proved: Reversal of judgment.*

1. An allegation that the possession of land was adverse can have no weight in qualifying admissions of facts which show that it could not have been so.
2. If the relief granted is consistent with the facts proved, a failure to amend the complaint so as to conform to such facts is not ground for the reversal of the judgment.

APPEAL from the Circuit Court for *La Fayette* County. The case is thus stated by Mr. Justice Taylor:

" This action was commenced by James T. Leonard in his life-time against the appellant, *James M. Leonard,* for the strict foreclosure of a contract for the sale of certain real

estate, the title to which was vested in said James T. Leonard, and the possession of which was held by *James M. Leonard,* appellant. James T. Leonard died since the commencement of the action, and, the action surviving, his executors were substituted as plaintiffs.

"There were two complaints — an original and an amended one. To the original complaint there were two answers,— an original and an amended answer. To the amended complaint the defendant answered, first, the amended answer to the original complaint, and a second answer stating matters not set out in such amended answer. It is stated that the action was tried upon the amended complaint and the answers thereto. The original complaint alleges in substance that on and before November, 1868, one John Worick was the owner in fee of the land in controversy, and on that day made a contract in writing to sell and convey the same to the defendant, *James M. Leonard,* for the sum of $3,000,— $200 to be paid at the date of the contract, and the balance in instalments as set out in the complaint, with interest at ten per cent. from April 1, 1870; that the defendant paid the $200 down, and entered into the possession of the land under said contract for the purchase thereof. This contract was signed by both Worick and the defendant.

"The complaint further alleges that afterwards, on the 5th day of July, 1869, Worick conveyed said lands to the plaintiff, by warranty deed, for the consideration of $2,000, paid by said plaintiff to Worick; that at the date of that conveyance by Worick to plaintiff, it was agreed between the plaintiff and the defendant that defendant would pay the plaintiff for said land the sum of $2,000, within not more than three years thereafter, with interest thereon at the rate of ten per cent. per annum, and pay all taxes on said land; and that upon the payment of said sum of $2,000, and the interest thereon, the plaintiff would convey said

land to the defendant; that under such agreement the defendant continued in possession of said lands, but has neglected and refused to pay said sum of $2,000, or any part thereof, and still refuses so to do; that the plaintiff is ready and willing to convey said lands upon the payment of said money, and always has been so ready and willing; and demands judgment barring and foreclosing the defendant of any right in or to said lands.

" The defendant's amended answer to this complaint admits the seizin and possession by John Worick of the land in question; the making, execution, and delivery of the contract for the sale thereof by Worick to the defendant for the consideration and upon the terms stated in said contract; that the defendant entered into possession of the premises under said contract with Worick, and is still in the possession thereof, but claims that his possession under said contract was and is adverse to the said Worick and all persons claiming under him; and that he has so held possession adverse to Worick and his grantee for more than ten years previous to the commencement of this action. The answer further denies that he made any contract with the plaintiff whereby he agreed to pay him the sum of $2,000, with interest at ten per cent., within three years after the 5th day of July, or at any other time, for said land; denies all the allegations of the complaint as to any agreement for the purchase and sale of said land, made between the plaintiff and defendant. But the answer admits that on the 5th day of July, 1869, the plaintiff paid Worick the sum of $2,000 for said land, and thereupon said Worick conveyed said land to the plaintiff. There are other allegations in the amended answer, but they are not deemed material in the determination of this appeal.

" The amended complaint makes no mention of the ownership of the land by Worick, or of the contract between Worick and the defendant, but alleges that on the 5th of

July, 1869, the plaintiff was seized in fee simple of the land in dispute, and that on that day the plaintiff entered into a contract with one Isaiah Leonard, by which it was agreed that said Isaiah Leonard should purchase said land of the plaintiff for the sum of $2,800, to be paid within six years from that date, with interest at ten per cent.; and said Isaiah Leonard was to pay taxes, build a dwelling-house on said land, make fences thereon, and keep the fences and improvements in repair; and that, upon paying said $2,800 and the interest, the plaintiff agreed to convey the said lands to said Isaiah Leonard; that Isaiah Leonard went into possession under said contract, and remained in possession for several years; and thereafter the said Isaiah Leonard sold, assigned, and conveyed his interest in said contract and premises to the defendant, and delivered the possession of the said premises to the defendant; and in consideration thereof the defendant agreed to perform all the conditions of said agreement to be performed on the part of said Isaiah Leonard. The complaint admits that there was paid on said contract $100, March 1, 1870; $100, June 22, 1870; and $200, March 7, 1871; alleges the plaintiff's readiness and willingness to convey said land on the payment of the balance due on the contract with Isaiah, and the refusal of the defendant to make the payment; and demands judgment of strict foreclosure against the defendant.

"To this amended complaint the defendant answered, first, the same matters set up in his amended answer to the original complaint; and a further answer denying the seizin of the plaintiff, 'except so far as the facts stated in the amended answer to the original complaint constitute such seizin.' The answer then denies all knowledge of any contract for the sale of said lands by the plaintiff to Isaiah Leonard; denies that Isaiah Leonard ever went into possession of said land, except by the permission and sufferance of the defendant, and alleges that any occupation of the

premises by the said Isaiah was the occupation and possession of the defendant, and that the same was adverse to the plaintiff's claim; denies that said Isaiah Leonard ever sold or transferred his interest in said land to the defendant, or that he ever delivered to the defendant any possession thereof; and also denies that he ever agreed with the said Isaiah, or with the plaintiff, or with any person, that he would pay the plaintiff the sum of $2,800, or any other sum, or any interest thereon, or any taxes, or that he would do or perform any of the things alleged in said amended complaint. The answer then further alleges that 'the defendant entered into the possession of said premises on the ———— day of November, 1868, under claim of title exclusive of any other right,— founding such claim upon a written instrument, as being a conveyance of the premises in question, to wit, the agreement in writing between one John Worick and this defendant, bearing date the 30th day of November, 1868, being the same agreement set up in the original complaint in this action, and in the amended answer thereto;' alleges the continued possession down to the commencement of the action; denies all knowledge of any payments being made towards the alleged purchase price of said premises, as alleged in said amended complaint; and denies any indebtedness to the plaintiff, or his liability to pay the plaintiff any sum whatever.

"Upon these pleadings the parties went to trial. On the trial the defendant withdrew all counterclaims set out in his answer. The plaintiff gave in evidence the deed from Worick and his wife to him of the lands in controversy, properly executed and acknowledged and recorded, and bearing date July 5, 1869. It was a deed with the usual covenants of warranty; the consideration therein expressed is $2,000. He also gave in evidence the contract set out in his original complaint, and in the amended answer of the defendant, between the said Worick and *James M. Leonard,*

the defendant, bearing date November 30, 1868. The plaintiff admitted the payment by the defendant upon said contract of the sum of $400. No further evidence was offered by either party. The court filed findings of fact and conclusions of law, and directed judgment in favor of the plaintiffs 'that the plaintiffs are entitled to judgment of strict foreclosure against the defendant, adjudging that the defendant pay to the plaintiffs, or pay into court for them, by the 13th of December, 1884, the amount found due upon said contract, and costs and disbursements of this action, and interest thereon from this date, at seven per cent., to the time of such payment, and in case of failure to make such payment, foreclosing and barring the defendant of all right or interest in said premises, and directing the surrender to the plaintiffs of the possession of said premises, and ordering a proper writ to put them into possession thereof in case of such failure on the part of the defendant.' "

*Moses M. Strong,* for the appellant.

For the respondents there was a brief by *Orton & Osborn,* and oral argument by *Mr. Orton.*

TAYLOR, J. An exception was taken by the defendant to the finding of fact " that on the date of the deed from Worick to James T. Leonard there was unpaid upon the contract between Worick and the defendant the sum of $2,800, and interest at ten per cent. from the date thereof." It is probable that this was a mistake, but it cannot prejudice the defendant, as the court has not figured the amount due to the plaintiff from the defendant upon that contract. It is evident, from the sum the court has charged to the defendant as the amount he should equitably pay in order to entitle himself to a conveyance of the land, that he has not proceeded upon the basis of the contract made with Worick, but upon a consideration of all the admissions

made in original and amended complaints. He considered the plaintiff equitably entitled to the $2,000 he paid Worick for the land, with interest thereon at the rate of seven per cent. from the date of his deed, deducting therefrom the $400 admitted to have been paid to him after that date; so that this erroneous finding of fact, if it be one, cannot prejudice the defendant, as the final judgment was not based upon it.

The learned counsel for the appellant insists that the judgment should be reversed, because none of the material allegations of the amended complaint, all of which were denied by the answer, were proved upon the trial. Had the defendant contented himself with his second separate answer to the amended complaint, in which he denied all the material allegations set out therein, it would have been difficult to understand how a judgment could have been rendered in favor of the plaintiff upon the proofs offered. But the defendant's first answer to the amended complaint, being the same amended answer made to the original complaint, contains, we think, admissions which justified the court in entering the judgment it did. That answer admits the title of Worick, admits that the defendant entered into the possession of the premises under Worick by virtue of a written agreement with Worick to purchase the same, and that the possession so taken under Worick has continued down to the present time. He admits, by not alleging such payment, that he did not pay the purchase money due on the contract with Worick. He also admits the subsequent purchase of the lands by the plaintiff from Worick for a consideration paid by the plaintiff of $2,000. Upon these admissions it is clear that the defendant has no right to retain the possession of the premises, as against the plaintiffs, without either the payment of the original contract price as agreed upon between him and Worick, or the payment

of the $2,000 paid by the plaintiff to Worick as the purchase price of the land.

The learned circuit judge evidently came to the conclusion that the $2,000 paid by the plaintiff for the land was what, in equity, the defendant ought to pay, and so found. It is true, the defendant, in his amended answer referred to, endeavors to avoid the effect of his admission of possession under the contract with Worick, by asserting that such possession was adverse to Worick. Such assertion, however, can have no weight against the facts admitted. The facts admitted show that his possession was not adverse to the title of Worick and those claiming under him, and his assertion to the contrary cannot make it so. Suppose he had admitted that he took possession of the premises under a written lease from Worick stipulating for the payment of an annual rent as tenant of Worick, would his assertion that such possession was adverse to Worick have any weight in qualifying the admission that he was such tenant? Certainly not. The facts stated in the amended complaint, and the admissions of the answers to such complaint, together with the proof of the deed from Worick to plaintiff and the contract between Worick and the defendant, are sufficient to support the judgment entered in the case. The only objection to it is that it does not direct the payment of a larger sum by the defendant to entitle him to a deed of the premises. That defect in the judgment is not prejudicial to him, and it is therefore no reason for its reversal on his appeal.

Sec. 2886, R. S. 1878, reads as follows: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

The relief granted in the case at bar was consistent with the case made by the complaint. The case made by the complaint showed that the plaintiff was entitled to a strict foreclosure of the defendant's rights and interest in the land, and that was the relief granted by the court. It is true, the relief was not granted upon the facts stated in the amended complaint, but it was granted upon the facts proved, and other facts admitted by the answer of the defendant, which the plaintiff had the right to avail himself of, as evidence showing himself entitled to the relief he obtained from the court. There could certainly be no objection to amending the complaint so as to make it state the case as admitted by the defendant's answer and ask relief consistent with the case so stated. In the case at bar the court granted the relief upon such a state of facts, without directing the complaint to be amended. In such case the want of an amendment of the complaint is no ground for reversing the judgment; for the purpose of sustaining the judgment it will be deemed amended. The following cases support the practice in the case at bar: *Leonard v. Rogan,* 20 Wis. 540; *Stræbe v. Fehl,* 22 Wis. 337; *Hopkins v. Gilman,* 22 Wis. 476; *Brook v. Chappell,* 34 Wis. 405, 410; *Sage v. McLaughlin,* 34 Wis. 550, 557; *Amory v. Amory,* 26 Wis. 152, 161; *Emery v. Pease,* 20 N. Y. 62, 64; *Boyd v. Dowie,* 65 Barb. 241; *Getty v. Spaulding,* 1 Hun, 115; *Hier v. Staples,* 51 N. Y. 136.

We do not think the record discloses any error for which the judgment should be reversed.

*By the Court.*— The judgment of the circuit court is affirmed.