SLATER, Respondent, vs. ESTATE OF COOK, Appellant.

*March 30 — April 14, 1896.*

*Master and servant: Right to compensation: Estates of decedents: Amendment of pleading.*

1. One who lived with and labored as a servant for another, to whom he was not related, under her promise to compensate him for his services at her death, is entitled, if she did not pay him in her lifetime, to recover the value of such services from her estate.

2. In an action against an estate the complaint alleged that plaintiff performed services for the intestate under an express promise by her to bequeath to him all of her property at her death, and prayed judgment setting over to him all the personal property of the estate. The evidence showed merely an agreement to compensate plaintiff, and the value of his services was shown without objection. *Held,* that after the trial plaintiff was properly allowed to amend his prayer so as to ask to recover the value of his services in case he was adjudged not entitled to the whole estate.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This was a claim against an estate. The facts are as follows: Alexander Cook died in October, 1880, childless, leaving his farm and some personal property to his widow, Elizabeth Cook, for life, and after her death to certain benevolent institutions. The claimant, *John Slater,* was then a boy about twelve years of age, and had lived with Alexander Cook and wife for several years, doing chores on the farm and in the house, and receiving his board, clothes, and a very limited amount of schooling. He was not of kin to either Mr. or Mrs. Cook. His father was dead, and his mother living. After the death of Alexander the claimant continued to live upon the farm with Mrs. Cook, doing chores and work in doors and out, until her death intestate in May, 1892, except during one period of eight months, when he worked for a neighboring farmer, apparently with Mrs. Cook's consent.

In May, 1889, Mrs. Cook, who was a large woman, sixty-eight years of age, fractured the neck of the femur, and was confined to her bed four months, and in fact never recovered her health. During this time, as well as during other illnesses, the plaintiff, in addition to his other duties, acted as nurse, and is shown by the evidence to have been faithful and competent.

The circuit court, after finding these facts, which were practically without dispute, made the following findings: "(5) That shortly after the death of said Alexander Cook, Elizabeth Cook promised and agreed with claimant that, in consideration of his services during her life, she would, at her death, pay and compensate him therefor; that said claimant understood and acted upon said promise and agreement, and by reason thereof, and by reason of the frequent repetition of said promise and agreement to pay him, so remained with, waited upon, and worked for said Elizabeth Cook during her life. (6) That plaintiff fulfilled his part of said contract and agreement, and that said Elizabeth Cook wholly failed to make any provision for him in any will, or in any manner to pay or compensate him for the services. that he performed. (7) That said claimant was in no wise related to either Mr. or Mrs. Cook, and was never adopted by them or either of them, but was received by them into their family as a servant; that the relation of parent and child did not exist between them; and that claimant so continued solely in the relation of a servant to said Elizabeth Cook, after the death of Mr. Cook, up to the time of the death of said Elizabeth Cook. (8) That the father of said claimant died before he was taken into the family of Mr. and Mrs. Cook, and that his mother, though living, thereafter failed to provide for him or to exercise, or seek to exercise, any control over him, but emancipated him."

The court further found the value of the plaintiff's services to be $896, and for this sum, with interest from the

filing of the claim, judgment was rendered, and the administrator of the estate appealed.

*C. E. Buell*, for the appellant, contended, *inter alia*, that the court had no authority to authorize an amendment to the complaint which entirely changed the nature of the cause of action. The complaint was one asking for the specific performance of an alleged contract between the plaintiff and the deceased, and could not be amended so as to ask a recovery *quantum meruit. Carmichael v. Argard*, 52 Wis. 607; *Johnson v. Filkington*, 39 id. 62; *Lane v. Cameron*, 38 id. 603; *Kewaunee Co. v. Decker*, 34 id. 378; *Newton v. Allis*, 12 id. 378; *Sweet v. Mitchell*, 15 id. 641; *Larkin v. Noonan*, 19 id. 82; *Stevens v. Brooks*, 23 id. 196; *Fraedrich v. Flieth*, 64 id. 184.

For the respondent there was a brief by *G. E. Roe* and *A. G. Zimmerman*, and oral argument by *Mr. Zimmerman*.

WINSLOW, J. This action was tried by the court, trial by jury having been waived. It is evident that if the findings of the court are sustained by the evidence the judgment must be affirmed. If the fact be that *John Slater* lived with and labored for the deceased as a servant, under her promise to compensate him for his services, and she did not pay him in her lifetime, then he is entitled to recover the value of his services from her estate. This statement needs no authority to support it. We have carefully examined the testimony, and have come to the conclusion that the findings of the court are fully sustained by the evidence.

Objection is made to an amendment of the complaint which was allowed after the trial of the case. The complaint, as it stood before and during the trial, charged that the plaintiff's services were performed under an express contract by which Mrs. Cook agreed, in return for such services, to bequeath to the plaintiff all of her property at her death, and prayed judgment setting over to the plaintiff all

the personal property of the estate. After the trial, the court having concluded from the evidence that Mrs. Cook simply agreed to compensate the plaintiff, and evidence of the value of his services having been received without objection, an amendment was allowed to the plaintiff's prayer for relief, so that it should pray to recover the value of his services in case he was adjudged not entitled to the whole estate. This amendment was proper. The amendment was consistent with the facts proven on the trial, and, had there been no amendment, the judgment would not be reversed. R. S. sec. 2886; *Forcy v. Leonard*, 63 Wis. 353.

*By the Court.*— Judgment affirmed.