SILVERTHORN, Respondent, vs. WYLIE, Administrator, Appellant.

*March 22 — April 30, 1897.*

*Contracts: Assignment: Consideration: Past services.*

1. A want of consideration for the assignment of a contract is not a defense to an action by the assignee for money due on such contract.
2. Services previously performed on request constitute a good consideration for a promise to pay therefor.

APPEAL from a judgment of the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Win Wylie*, attorney, and *Mylrea, Marchetti & Bird*, of counsel, and for the respondent on that of *Silverthorn, Hurley, Ryan & Jones*.

CASSODAY, C. J. It appears from the record and the findings of the trial court, in effect, that during 1888, and a long time prior thereto, one Alexander R. McDonald, of Wausau, was a practical woodsman, and proficient in estimating the quantity and quality of standing timber; that immediately prior to September 10, 1888, he rendered valuable services for Daniel B. Wylie, then living at said city, in selecting certain vacant lands and government lands desirable for private cash entry; that said services consisted in obtaining a correct plat of all vacant state and government lands in a town named, and going out over said vacant lands, and running

out the boundary lines of the various subdivisions thereof, and estimating the quantity and quality of standing timber thereon, and making minutes of the same, and thereby selecting four forty-acre tracts, deemed the most valuable and desirable for cash entry, one being a state forty, and the other three being government forties; that said services occupied one week, at an expense of $12 for an assistant, besides the ordinary expenses of the trip from Wausau; that, upon McDonald's report and selection so made, the said Daniel B. Wylie, September 10, 1888, entered or purchased the said three government forties from the United States and the forty from the state, paying therefor $200.50, and taking the title in his own name; that said services were so rendered with the understanding, which was afterwards reduced to writing and embodied in the written contract signed and delivered by the said Daniel B. Wylie to said McDonald, November 26, 1888, in consideration of said services, and as compensation therefor, which contract was to the effect that Daniel B. Wylie had purchased or entered the lands which were therein described, and which had been selected by Alexander R. McDonald, and that when said lands should be sold he thereby agreed to pay McDonald, after deducting the amount of the purchase money, with five per cent. per annum interest thereon, also any and all taxes that might be levied on said land, with interest at the rate of ten per cent. per annum, he would divide the balance of said proceeds equally between himself and the said McDonald; that said contract was duly assigned by McDonald to the plaintiff, October 12, 1891, as collateral security for an existing indebtedness of said McDonald to him in the sum of $1,150; that Daniel B. Wylie died testate, October 13, 1891, at Wausau, leaving a large estate of both real and personal property; that July 10, 1894, letters of administration of said estate *de bonis non* with the will annexed were duly granted and issued to the defendant, *Winfred Wylie*, who

then duly qualified, and entered upon the duties of his said office; that said estate has not yet been settled, and said defendant is now such administrator and in possession of available assets of said estate sufficient to pay all expenses of administration and all debts of said estate in full; that all of the claims against said estate had been paid in full except that of the plaintiff herein; that said contract was further assigned absolutely to the plaintiff by McDonald, July 31, 1895, for a valuable consideration, and that the plaintiff ever since has been, and now is, the lawful holder and owner of said contract; that October 13, 1894, the executors of said estate filed their inventory of said estate, wherein they included only one half interest in said lands, with a recital "that Alex. R. McDonald owns one half interest as per contract with deceased;" that March 4, 1895, the defendant, as the administrator of said estate, sold and conveyed to A. H. Strange Company all of the lands mentioned in said contract, and received therefor the sum of $800 as the proceeds of such sale; that at the time of said sale the deductions stipulated in said contract for purchase money, interest, and taxes, also including the costs of an abstract and incidental expenses of such sale, amounted in the aggregate to the sum of $355.38.

And as conclusions of law the court found, in effect, that the plaintiff's claim herein accrued and became absolute upon said sale on March 4, 1895, and the defendant, as administrator of said estate, thereupon became liable and indebted to the plaintiff in the sum of $222.31, the same being one half of the balance of the proceeds of said sale, after making the aforesaid deductions; that the plaintiff is entitled to judgment herein against the defendant, as administrator of said estate, for said sum of $222.31, with interest thereon at the rate of six per cent. per annum from March 4, 1895, and the taxable costs of this action, to be paid out of the assets of said estate. From the judgment entered

thereon accordingly the defendant, as such administrator, brings this appeal.

The several findings of fact appear to be each and all supported by the evidence. The fact that the lands described in the contract are included in the executor's inventory of the estate, with the recital that "Alex. R. McDonald owns one half interest as per contract *with deceased*," as found, makes it very manifest that there is no substantial merit to the defense. The assignments of McDonald to the plaintiff are both in writing, and purport to be upon a good and adequate consideration. But, even if the assignments were without such consideration, yet it would be no reason for withholding payment of the share of the proceeds which, by the terms of the contract, were to go to McDonald.

The contention that the contract to pay McDonald such share of the proceeds was without consideration is without foundation. "A promise to pay for past services implies that they were rendered upon previous request, and such services are good consideration for the promise." *Jilson v. Gilbert*, 26 Wis. 637; *Lampleigh v. Barthwaite*, Hob. 239, side page 105b; *Hatch v. Purcell*, 21 N. H. 544; *Wilson v. Edmonds*, 24 N. H. 517; *Paul v. Stackhouse*, 38 Pa. St. 302. The facts found bring the case within the principle of law stated. Certainly we are not to presume that McDonald expended his time and money and made the selections mentioned, and then voluntarily bestowed the entire beneficial results upon Daniel B. Wylie gratuitously and without any consideration whatever. Daniel B. Wylie was clearly liable for the services which McDonald had rendered for him, and of which he received the benefit. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.