CATHERINE A. DEVINE *vs.* CORNELIUS H. MURPHY.

Bristol.    October 26, 1896. — May 18, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Contract — Trial — Statute of Limitations — Consideration — Action.*

It is error to direct a verdict for the plaintiff in an action, although his testimony
is uncontradicted, and, if believed, entitles him to recover.

If, more than six years after the sum secured by a mortgage given without a note
is due and unpaid, the mortgagee discharges the mortgage and acknowledges
satisfaction of the debt secured by it, at the mortgagor's request and upon his
oral promise to pay to the mortgagee the amount of the debt and interest if he
would execute such discharge, the transaction is not a new promise to pay the
old debt, within the meaning of the statute of limitations, Pub. Sts. c. 197, § 15,
but it is a contract for a valuable consideration outside of the statute upon
which an action may be maintained.

CONTRACT, to recover $525, with interest from October 16,
1880, to the date of the writ, August 17, 1894. The answer,
among other defences, set up the statute of limitations. Trial
in the Superior Court, before *Hopkins*, J., who directed the jury
to return a verdict for the plaintiff ; and the defendant alleged
exceptions. The facts appear in the opinion.

The case was argued at the bar in October, 1896, and after-
wards was submitted on briefs to all the justices.

*T. F. Desmond*, for the defendant.

*L. T. Willcox*, for the plaintiff.

KNOWLTON, J. The evidence tends to show that on October
16, 1880, the defendant owed the plaintiff, who is his sister,
$525, and gave a mortgage on his real estate to secure payment
of it. He gave the plaintiff no note, and no written evidence
of debt other than the mortgage, the condition of which was the
payment of this sum, with interest semiannually. The plaintiff
testified, and her evidence was not contradicted, that on July 26,
1889, he had not paid any part of it, and that he came to her
house with his wife one night after she and her husband were
in bed, and said that he was in trouble and was likely to be
imprisoned if he did not get that mortgage discharged. The

declaration alleges that he had then sold the real estate and given a warranty deed of it without disclosing the existence of the mortgage. She further testified that he told her that, if she would cancel and discharge the mortgage, he would pay her the $525 and the interest which had accumulated since 1880, and that, relying on this promise, she discharged the mortgage on the next morning, signing a writing which acknowledged the receipt of full satisfaction for the debt secured by it. The action is brought on this contract to pay.

The judge was in error in directing a verdict for the plaintiff, because the jury might have disbelieved her testimony; but he was right in refusing to rule that upon the evidence she could not recover. The defendant contends that he merely made a new promise to take the debt out of the statute of limitations, and that it was invalid because it was not in writing. Pub. Sts. c. 197, § 15. But we are of opinion that the evidence tends to show a transaction entirely outside of the statute of limitations. The plaintiff had a valuable interest in the defendant's real estate. He wanted her to release it, and promised to pay her a sum of money if she would. She executed the release and acknowledged satisfaction of her old debt, relying upon his promise. She is entitled to performance on his part. He has received the full consideration which was contemplated when the promise was made, and it is an ordinary case of a simple contract for a valuable consideration. It was not a new promise, made to take the case out of the operation of the statute of limitations, within the meaning of the statute above cited. That his promise was to pay the amount of the old debt and interest does not make the contract less binding than if he had promised to give the plaintiff any other sum of money or any other kind of property. *Weld* v. *Nichols*, 17 Pick. 538. *Cutter* v. *Cochrane*, 116 Mass. 408.

The contract on which the plaintiff sues is no less enforceable because the defendant owed a duty to pay the same sum if no new contract had been made, nor because this duty might have been made binding in law by a new promise in writing without a new contract for a valuable consideration. In its legal aspect the case is the same as if the mortgage had been made less than six years before the date of the writ. In that case the plaintiff

would have been entitled to recover, as she is in this, not on the contract made when the mortgage was given, but on the contract for a valuable consideration, made when she gave up her security.   In the opinion of a majority of the court, the jury should have been instructed that, if they believed the testimony of the plaintiff, and found that she discharged the mortgage and acknowledged satisfaction of the debt secured by it at the defendant's request, and on his promise to pay her the amount of the old debt and interest if she would execute the discharge, she was entitled to recover.          *Exceptions sustained.*