MURTHA, Respondent, vs. DONOHOO, Executor, Appellant.

*April 6—May 14, 1912.*

*Limitation of actions: Pleading: Claims against decedent: Contracts: Validity: Consideration: Oral promise to pay for services by legacy: Breach: Measure of damages: Evidence.*

1. With reference to a claim against the estate of a decedent the statute of limitations must always be considered although not pleaded.
2. An oral promise, accepted by the promisee, to compensate by a legacy services previously performed for the promisor by one not a member of his family, is based upon a sufficient consideration and is valid and binding.
3. Such an agreement is deemed a new and substitutionary contract, not within the purview of sec. 4243, Stats. (1898), and not affected by subsequent expiration of the time within which an action upon the original liability to pay for the services must have been brought had such liability continued.
4. Where the promise to compensate by a legacy is based upon a past or executed consideration, such as services previously performed and moneys paid out at the request of the promisor, the amount recoverable for a breach thereof is measured by the reasonable value of the services performed and the amount of the moneys so paid, with interest at the legal rate.
5. The amount agreed to be paid by legacy in such a case may be proved as having some evidential bearing on the reasonable value of the services where the disparity is not too great, but is not conclusive.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

*S. E. Smalley,* for the appellant.

*Maurice McKenna,* for the respondent.

On behalf of *Josephine C. True,* a residuary legatee, there was a brief by *F. R. Bentley.*

The following opinion was filed January 30, 1912:

PER CURIAM. The special verdict in this case is as follows:

"(1) During the vacations of Lawrence J. Vaughan, the deceased, during the six years prior to his ordination as a priest in 1898, was he frequently at the home of *Catharine Murtha* in the city of Ripon, and was he there received as a member of the family, and did he receive, besides meals and lodging that he chose to take in their house, money from one or the other of them to help him, and also clothing purchased with the money of John Murtha, and did John Murtha pay for him a dentist's bill of about thirty dollars? *A.* Yes.

"(2) Did he promise to pay them for what they had done for him? *A.* Yes.

"(3) Did said Lawrence J. Vaughan, in the spring of 1901, at Ripon, say to John and *Catherine Murtha* in substance that for what they had done for him he would by his last will give to John Murtha the sum of a thousand dollars, and did John Murtha say to him at that time that that would be all right? *A.* Yes."

By sec. 3841, Stats. (1898), construed in *Martin v. Estate of Martin,* 108 Wis. 284, 84 N. W. 439, the statute of limitations need not be pleaded against such a claim. By sec. 4243, Id., no acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter (on limitations) unless the same be contained in some writing signed by the party to be charged thereby.

A reargument of this case is ordered upon the question

whether the claim of the plaintiff as established by this verdict is barred by the statute of limitations.

The cause was reargued on April 6, 1912.

For the appellant there was a brief by *S. E. Smalley* and *F. R. Bentley,* and oral argument by *Mr. Bentley.*

For the respondent there was a brief by *Maurice McKenna,* attorney, and *Carter & Pedrick,* of counsel, and oral argument by *S. M. Pedrick.*

The following opinion was filed May 14, 1912:

TIMLIN, J.   The respondent filed a claim against the estate of Lawrence J. Vaughan, deceased, for $1,000 upon contract hereinafter mentioned.   Upon appeal to the circuit court judgment was given for respondent, and the executor appeals to this court, contending that the circuit court erred in not ascertaining and giving judgment for the reasonable value of the money paid and services performed instead of for the agreed sum of $1,000.   The jury returned the special verdict set forth in the order for reargument, *ante,* p. 482, 134 N. W. 406.   We find the verdict supported by evidence.   Respondent had judgment upon the verdict.   The statute of limitations in such cases must always be considered although not pleaded.   Sec. 3841, Stats. (1898).   Therefore the serious question arising is that upon which reargument was ordered: Does the verdict, by force of sec. 4243, Stats. (1898), disclose that the right of recovery is barred by lapse of time?   We are not much aided by appellant's brief on reargument.   He failed to cite *Thompson v. Orena,* 134 Cal. 26, 66 Pac. 24; *Chace v. Trafford,* 116 Mass. 529; *Bullard v. Lopez,* 7 N. Mex. 561, 37 Pac. 1103; *Reed v. Smith,* 1 Idaho (Prickett) 533; *Hill v. Perrin,* 21 S. C. 356; *Shapley v. Abbott,* 42 N. Y. 443; or *Stiles v. Laurel Fork O. & C. Co.* 47 W. Va. 838, 35 S. E. 986, or the cases referred to in these decisions,

or any case throwing much light on his side of the controversy. It seems quite impossible to reconcile *Thompson v. Orena, supra,* with *Devine v. Murphy,* 168 Mass. 249, 46 N. E. 1066, cited by respondent, and we shall not attempt it. The question is new in this state and we are not bound by either precedent. It has however been decided by this court that an oral contract based upon a valid consideration to leave the promisee a legacy (personal property) is valid and enforceable. *Slater v. Estate of Cook,* 93 Wis. 104, 67 N. W. 15; *Jilson v. Gilbert,* 26 Wis. 637. It is also settled that services previously performed by one not a member of promisor's family constitute a good consideration for a promise to pay for such services. *Jilson v. Gilbert, supra; Silverthorn v. Wylie,* 96 Wis. 69, 71 N. W. 107. We have before us a case in which, after a similar right of action had accrued in favor of the respondent and the statute of limitations had begun to run against this right of action, an oral promise was made by decedent to compensate respondent by leaving him a legacy. To this the respondent assented. The first question which arises is whether or not such agreement is supported by a consideration. In *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056, the majority opinion is to the effect that a mere request for the extension of the due date of a debt at the contract rate of interest, and consent thereto, does not satisfy the essentials of a binding contract for an extension of time of payment. In *Jilson v. Gilbert,* 26 Wis. 637, it was held that a promise to reward, by a provision in the promisor's will, services previously rendered by the promisee, is valid. These two cases may stand together. They are not necessarily inconsistent. Where such agreement is made it insures to the promisor the personal use and enjoyment of his property during his life, and the promisee realizes on the promise only in case the promisor leaves estate unconsumed. This is surely a benefit or advantage flowing to the promisor and sufficient to support his promise to leave the legacy to his creditor. This, how-

ever, is necessarily conditioned upon the agreement of the creditor to extend the time of payment until after the death of the debtor. The creditor, therefore, makes his promise to extend in consideration of a valid and binding promise to reward him by legacy. In a case in New York (*Patterson v. Patterson*, 13 Johns. 379) the creditor, after entering into such an agreement and before the death of the promisor, began suit on his original demand, but his right of action was held barred by such agreement. In support of the like rule see *Campbell v. Campbell*, 65 Barb. 639, and *Collier v. Rutledge*, 136 N. Y. 621, 32 N. E. 626, and the *Patterson Case* has been cited with approval in *Todd v. Weber*, 95 N. Y. 181; *Reynolds v. Robinson*, 64 N. Y. 589; and other New York cases noted in Silvernail's Citations. It may be that accurate analysis would disclose that there is no substantial difference between the contract in *Fanning v. Murphy, supra,* and *Jilson v. Gilbert, supra.* But if that be so, we refuse to extend the rule of *Fanning v. Murphy* to cases like this and *Jilson v. Gilbert.*

The agreement being valid and binding, what is the measure of damages for its breach—the value or amount of the original demand or the amount of legacy promised? In a case like the present, where the promise to compensate by legacy is based upon a past or executed consideration, the recovery must be limited to the amount of the demand so to be compensated, or the reasonable value thereof where the amount is not fixed and definite. This is ruled by *Merrick v. Giddings,* 1 Mackey (D. C.) 394, citing *Brown v. Crump,* 1 Marsh. 567; *Granger v. Collins,* 6 M. & W. 458; *Roscorla v. Thomas,* 3 Q. B. 234; *Bradford v. Roulston,* 8 Irish C. L. N. s. 468. See, also, 1 Parsons, Contracts (9th ed.) bottom pp. 508, 509, and cases; Wald's Pollock on Contracts (3d ed.) pp. 199, 200, and cases.

In the cases decided by this court, although the precise question is not involved, this principle seems to have been kept

in mind. *Bayliss v. Estate of Pricture,* 24 Wis. 651, presented a situation where the consideration on the part of the , promisee was to be performed and was thereafter performed, but the promise to compensate by will did not fix the amount of compensation, so that this question was not there involved. A recovery for the reasonable value of the services was accordingly permitted. *Jilson v. Gilbert, supra,* presented the case of an executed or past consideration, that is to say, services performed before the promise to compensate by will was made; and while it is ruled that the promise was not within the statute of frauds and was binding, the intimation is that the value of the services measures the amount of recovery. In the case there cited (*Snyder v. Castor,* 4 Yeates, 353) the promise was made after the services were rendered, no specific sum was promised, so this question did not arise. In *Patterson v. Patterson,* 13 Johns. 379, the promise was that the promisee should have the promisor's farm and that he intended to reward the promisee well, but the consideration was not past or executed. The court held that the promisee, having assented to this arrangement, could not maintain an action to recover compensation for these services during the lifetime of the promisor, his father, thereby construing the contract to amount to an agreement that the son should make no claim for compensation in his father's lifetime. Should the father fail to make the provision by will, the court said the plaintiff might maintain an action to recover a reasonable compensation for his services. These last words are quoted and italicised by Justice DIXON in his opinion in *Jilson v. Gilbert, supra.*

Considering the case last cited and considering this case from the viewpoint of the law of contracts above referred to as found in the cases and text-books mentioned, we must hold that the promisee suing to recover for a breach of agreement to provide for him by will, where the services are performed prior to the promise so to provide, is entitled to recover only

the reasonable value of the services so performed. The parties may offer the testimony of any competent witness or other evidence of the amount agreed to be paid by legacy as having some evidential bearing on the reasonable value of the services where the disparity is not too great, but this is not at all conclusive upon the court or jury. The true inquiry always is, in cases like this, What is the reasonable value of services performed and the amount of money paid to or to the use of decedent at his request? and the amount so ascertained with interest at the legal rate will be the amount of recovery.

The judgment of the majority of this court is that the respondent's recovery is not barred under sec. 4243, Stats. (1898), notwithstanding the agreement to compensate by legacy was not in writing. This agreement is not regarded as a new promise within the meaning of that statute, but an independent and substitutionary contract within a rule which they derive from *Jilson v. Gilbert, supra,* and which is clearly stated in *Devine v. Murphy,* 168 Mass. 249, 46 N. E. 1066, and applied in *Davis v. Teachout's Estate,* 126 Mich. 135, 85 N. W. 475. On this point Mr. Justice MARSHALL, Mr. Justice VINJE, and the writer yield with some reluctance to this view.

The judgment appealed from must be reversed, and the cause remanded with directions to try and determine the question of the reasonable value of the services performed for and the amount of money paid out at the request of decedent, and award a recovery against the estate for the amount so ascertained.

*By the Court.*—It is so ordered.