Martins v. Bauer, 188 Wis. 188.

MARTINS and another, Respondents, vs. BAUER and another, Receivers, Appellants.

*October 22—November 17, 1925.*

*Brokers: Action on express contract: Recovery on quantum meruit: Surprise: Basis of compensation: Goods sold or goods delivered: Trial: Appeal from civil court of Milwaukee county: Weight accorded findings of trial court: Failure to take exceptions to findings.*

1. In an action by brokers for a commission on the sale of cans, where the action was based on express contract, a finding of the civil court of Milwaukee county based on *quantum meruit* is *held* not to be supported by the record,—a letter written by the defendant corporation to the plaintiffs fixing the maximum commission allowable on orders, but not the minimum, not affording a sufficient basis on which to predicate a finding of reasonable value for procuring the sale.    p. 193.

2. Where the action was brought and tried upon allegations of express contract which were put in issue by defendant's answer, a finding based on *quantum meruit,* which operated as a surprise to defendant, could not be sustained where no effort was made to amend the pleadings and no evidence was offered except on the issue of an express contract.    p. 194.

3. Although, in the absence of limitations by contract, a broker's commission is based upon the amount of the order procured, there was evidence in this case which would justify the trial court in basing the amount of plaintiffs' recovery, not upon the amount of the order procured, but upon the goods actually delivered.    p. 195.

4. Where the defendant, because of the negligible amount of the verdict, did not except to the findings of the civil court in plaintiffs' favor, on appeal from the judgment of the circuit court which modified the judgment of the civil court by increasing the amount of recovery the failure to file exceptions did not preclude the defendant from attacking the verity of the findings of the civil court.    p. 196.

5. Findings of the civil court of Milwaukee county have the same status on appeal to the circuit court as findings of the circuit court on appeal to the supreme court.    They are not entitled to the conclusiveness of a verdict of a jury, but are controlling unless against the clear preponderance of the evidence.    p. 196.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

The action was brought in the civil court. The complaint alleges that the plaintiffs are copartners and are engaged as sales agents in selling novelties, advertising goods, and cans; that the defendant is a foreign corporation, and is engaged in manufacturing novelties, advertising goods, and cans; that in the month of July, 1922, the parties entered into a contract by which the defendant employed the plaintiffs, as such sales agents, to procure orders from purchasers for cans, for which services the defendant agreed to pay to the plaintiffs a commission of five per cent. of the total contract price of such orders; that pursuant to such employment the plaintiffs procured an order from the Mid-Western Soap Products Company, of Milwaukee, for one million cans, aggregating the sum of $20,000, which order was accepted by the defendant; that on the procuring and acceptance of such order the defendant became indebted to the plaintiffs in the sum of $1,000. In its answer the defendant admits the copartnership and business of the plaintiffs, but denies the procuring of the order by the plaintiffs, and it also denies the alleged employment of plaintiffs to secure orders for cans.

The evidence discloses that some time in the month of February, 1922, *Myers,* one of the plaintiffs, was engaged by the defendant as a sales agent to procure orders for the sale of *novelties and signs* manufactured by the defendant, under a contract which provided for the payment of commissions varying from fifteen per cent. to twenty-five per cent., the payment of which commissions depended largely upon the actual execution of the orders and the collection on the part of the defendant of the amounts becoming due. It seems that in the spring or summer of 1922 the plaintiffs formed a copartnership as sales agents to procure orders for

novelties, signs, and cans, and that pursuant to correspondence which ensued with the defendant the plaintiffs were employed by the defendant as such sales agents to procure orders or contracts for cans manufactured by the defendant. While such employment was disputed by the defendant, the evidence as contained in the elaborate correspondence between the parties is quite persuasive that such employment did actually occur. Both of the plaintiffs testified that they procured the order above referred to from the Mid-Western Soap Products Company, and that the manager of the defendant agreed to pay them, by way of commissions, five per cent. of the aggregate amount of the order so procured. Defendant's manager denied such employment, and claimed that the only contract ever entered into was the one which had reference to novelties and signs, which was entered into with *Myers* individually; that, however, he intimated that for actual services performed, the defendant would make compensation at its option, in accordance with what it deemed fair and reasonable under the circumstances. Defendant also took the position that the orders for cans were to be compensated for, if at all, upon the same basis as was provided for by the contract of *Myers* with the defendant in procuring orders for *novelties and signs,* the amount of such compensation depending upon the execution of the orders and the collection of the amounts becoming due.

While the negotiations were being carried on between the plaintiffs and the defendant with respect to the employment of the plaintiffs for procuring orders for cans, the defendant, on July 28, 1922 wrote a letter, addressed to *Martins,* one of the plaintiffs, which in part reads as follows:

"We desire to call your attention to one fact before you go further into this matter, and that is that the commission on cans is comparatively small compared with your selling commission on other items in our line, due to the fact that can business is taken on a very close margin and it is physi-

Martins v. Bauer, 188 Wis. 188.

cally impossible for us to pay a commission in any instance exceeding five per cent. To offset this in a way, you sometimes are able to secure can contracts which run over lengthy periods, and the final commission to you is sometimes better than is received from selling other lines which do not carry the contract feature.

"At any rate, we want to assure you that we are not displeased in any way in having you go into the can end of it, and if you are able to close some business in your city it will be very gratifying to us. Of course it may be necessary to restrict some prospects just at this time for the reason that our representative has gotten started.

"If you will kindly let us hear from you, we will be glad to furnish you with any information you desire or be of help in every way possible.

"Again thanking you for your nice letters, and wishing you continued success, we are,
                    "Very truly yours."

It is conceded that the only evidence of reasonable value for services rendered is that contained in the letter from which the above quotation is taken. Plaintiffs take the position that from the portion of the letter above quoted an inference can and must be drawn to the effect that the defendant considered five per cent. a reasonable commission. This is disputed by the defendant.

The case having been tried before the court without a jury, the trial court at the conclusion of the evidence made and filed certain findings of fact and conclusions of law, the material parts whereof are the following:

"4. That in the latter part of the month of July, 1922, the defendant company employed the plaintiffs as sales agents and representatives to procure purchasers or buyers for certain cans or containers which were made or manufactured by said defendant company; that no specific agreement was entered into by and between said parties at that time as to the amount of commission which said plaintiffs were to receive upon orders for cans obtained by them.

"5. That subsequently said plaintiffs procured for said defendant an order from the Mid-Western Soap Products

Company for one million cans at an aggregate price of $20,000, according to the terms of written contract subsequently entered into by and between said defendant and said Mid-Western Soap Products Company; that said contract was duly accepted by the above named defendant company; and that pursuant to said contract said defendant delivered to said Mid-Western Soap Products Company cans of a value of $1,500, and that thereafter said contract was abandoned by the parties thereto.

"6. That five (5 %) per cent. commission is a reasonable compensation for said plaintiffs for their services in so procuring and aiding in procuring said contract.

### "*Conclusions of law.*

"1. That said plaintiffs are entitled to judgment against said defendant in the sum of five (5 %) per cent. of $1,500, the value of the cans delivered to said Mid-Western Soap Products Company by said defendant, amounting to the sum of seventy-five ($75) dollars, together with their taxable costs and disbursements in this action."

It appeared from the evidence that under the contract between the defendant and the Mid-Western Soap Products Company cans were actually delivered in the sum of *$2,094.56,* and it was stipulated by the parties that the judgment be based upon a five per cent. commission on this latter amount instead of the amount found by the trial judge. Plaintiffs took an appeal to the circuit court from the judgment of the civil court and the case was heard on the record, and the circuit court modified the judgment of the civil court by increasing the amount of the recovery to $1,000, and from this judgment the defendant has taken this appeal.

For the appellants there were briefs by *Miller, Mack & Fairchild,* and oral argument by *Leon J. Foley,* all of Milwaukee.

For the respondents there was a brief by *F. F. Wolfgram* and *Hoyt, Bender, McIntyre & Hoyt,* and oral argument by *W. J. Trimborn,* all of Milwaukee.

Martins v. Bauer, 188 Wis. 188.

DOERFLER, J.   It will be noted that the civil court in its findings found "that no specific agreement was entered into by and between said parties . . . as to the amount of commission which the plaintiffs were to receive upon orders for cans obtained by them."   The complaint in specific language expressly alleges that the contract provided for a five per cent. commission.   In other words, plaintiffs tendered and relied upon an express contract in that regard.   Defendant by its answer placed this allegation in the complaint in issue.   The case was tried before the court upon such issue and not upon the theory of *quantum meruit*.   All of the evidence was offered and admitted upon the theory of an express contract, and upon such theory solely.   When the civil court thereupon made its findings of fact and conclusions of law, the finding based on *quantum meruit* naturally operated as a surprise to the defendant.   It was argued, however, in the circuit court, and is now argued in this court, that the plaintiffs actually introduced evidence from which an inference could be properly drawn that a five per cent. commission is a reasonable commission, and that such evidence fully supported the finding of the trial court on the basis of *quantum meruit*.   An examination of the record discloses that the evidence relied upon by the trial court consists of the letter of July 28, 1922, a copy of which, in part, has been heretofore set out in the statement of facts.

The learned circuit judge in construing this letter in his opinion concluded that it afforded a sufficient basis upon which to predicate a finding of reasonable value.   We have read this letter carefully, and we are unable to agree with either the civil or the circuit court.   The pertinent part of the letter reads as follows:

"We desire to call your attention to one fact before you go further into this matter, and that is that the commission on cans is comparatively small compared with your selling commission on other items in our line, due to the fact that can business is taken on a very close margin *and it is physi-*

cally impossible for us to pay a commission in any instance exceeding five per cent."

The letter clearly fixes a maximum, but does not fix a minimum. Whether a maximum commission would be a reasonable one, or a commission less than five per cent., would depend largely upon the size of the order and other surrounding facts and circumstances. We know that in real-estate brokerage cases the amount of the commissions of the broker is regulated largely by the amount involved in the deal, and that such commissions are graduated in accordance with the amount involved. For instance, a certain percentage is allowed up to $10,000, and thereafter the commission over that amount is graded on a downward scale. Small orders command a higher rate of commission than large orders. We are thus confronted with a record which does not support a *quantum meruit* finding.

But, even though we assume that the letter of July 28th justified the inference relied upon by both the trial and the circuit court, nevertheless we are confronted with the apparent situation that the action was brought and tried upon an allegation of express contract, which was definitely put in issue by the answer of the defendant. At no time during the proceedings did the plaintiffs offer or attempt to amend the complaint so as to include the issue of *quantum meruit*. Had this been done, proper notice would have been brought home to the defendant. All of plaintiffs' evidence in the case was introduced solely for the purpose of establishing an express contract. We therefore can readily appreciate the assertion of defendant's counsel that they were taken greatly by surprise by the findings of the court made and filed after the trial.

If, notwithstanding the plea of express contract contained in the complaint, the issue of *quantum meruit* had been tried, the defendant would have had no just cause for complaint, even though the pleadings were unamended, and the court could consider the pleadings amended whether they

Martins v. Bauer, 188 Wis. 188.

were so in fact amended or not. *Forcy v. Leonard,* 63 Wis. 353, 24 N. W. 78; *Slater v. Estate of Cook,* 93 Wis. 104, 67 N. W. 15.

The defendant in this case clearly has not had its day in court on the issue of *quantum meruit,* and the finding in that behalf cannot be sustained. *Seifert v. Dirk,* 175 Wis. 220, 184 N. W. 698; *Pearson v. Kelly,* 122 Wis. 660, 100 N. W. 1064.

On the review of the record in the circuit court such court construed the findings of the trial court and arrived at the conclusion that the trial court erred in its conclusions of law. The circuit court assumed that the trial court erroneously took the position that an agent's or broker's commission, unless limited by the terms of the contract, depended not upon the amount of the order procured, but upon the value of the goods actually delivered. It must be admitted that the findings of the trial court are logically susceptible to such conclusion. That a broker's commission, except where limited by contract, must be based upon the amount of the order procured, is in conformity with the holdings of this court and of other courts and of textwriters generally, and is accepted as true doctrine by courts and the profession. If this appeared clearly and unequivocally from the findings, no quarrel could be had with the opinion of the learned circuit judge. There was evidence in the case, however, which would justify the trial court in basing the amount of the recovery not upon the amount of the order, but upon the value of the goods actually delivered. So that the findings in the form in which they appear create a situation of considerable doubt as to what was actually in the mind of the trial court when the findings were made.

An examination of the record convinces us that the plaintiffs' case is not without merit; that plaintiffs performed valuable services for which compensation should be awarded; but, owing to the condition of the record with respect to the matters heretofore considered, we are of the

opinion that in order to promote justice the judgment of the lower court should be reversed and a new trial ordered.

Plaintiffs strenuously argue that because defendant's counsel did not except to the findings of fact and conclusions of law of the trial court, that therefore these findings should be considered as verities. But the plaintiffs did not appeal from the judgment of the civil court. This court has held in *Foster v. Bauer,* 173 Wis. 231, 180 N. W. 817, as will appear from paragraph 4 of the syllabus:

"Findings of the civil court of Milwaukee county have the same status on appeal to the circuit court as findings of the circuit court on appeal to the supreme court. They are not entitled to the conclusiveness of a verdict of a jury, but are controlling unless against the clear preponderance of the evidence."

The reason that the defendant's counsel did not file exceptions is because they deemed the result favorable to their client; because they would rather submit to a small judgment than to be worried and annoyed by protracted litigation,—a position highly commendable and not subject to criticism. Taking this view of defendant's position, no exceptions were necessary. It not only would have accepted the judgment in its original form, but stipulated to an enlargement thereof, in accordance with the actual facts as shown by the evidence. Defendant complains on the appeal to this court because of an increase of the principal amount to $1,000, based upon a theory of the case as disclosed by the findings, about which, to say the least, there is considerable doubt.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded to such court with directions for a new trial. The defendant is entitled to its costs and disbursements on this appeal.