ALBANY,
August, 1816.

PATTERSON
v.
PATTERSON.

---

## A. K. PATTERSON against M. PATTERSON.

A MOTION was made to set aside the report of referees in this cause. The plaintiff is a son of the defendant, and was born in 1773, and lived with and worked for his father, on his farm, until 1810; except that for one or two years during that time, he had the farm on shares. In 1805, or 1806, the defendant said he intended to reward the plaintiff well, that he was old, and that the plaintiff must continue with him as long as he lived, and he would reward him well, and that he should have the farm, paying legacies to his other children. In the autumn of 1810, the defendant tendered to the plaintiff 750 dollars, as a compensation for his services, for 15 years, and requested him to sign a receipt, which the plaintiff declined doing, and did not take the money. One of the witnesses stated that about five years ago, the defendant said he intended to give the plaintiff 750 dollars for his services, and had provided for it in his will, and that he should share equally with the other children. In his will, dated 22d of *March*, 1810, which was produced and proved before the referees, to be duly executed, it appeared that the defendant had ordered 750 dollars to be paid to the plaintiff; but if he should receive it after the date of the will, or before the testator's death, it was to be deemed a discharge of the bequest: and he gave all his real and personal estate to his wife for life, and, after her death, to his seven children, equally to be divided between them; and in a codicil to the will he declared that the sum directed to be paid to the plaintiff was to be in full compensation, for all his labour and services on the farm, since he came of age.

*The plaintiff, after he had come of age, lived with and worked for his father the defendant, who said he would reward him well, and provide for him in his will; held, that the plaintiff could not maintain an action to recover compensation for his services during the life-time of his father.*

ALBANY,
August, 1816.

OVERSEERS OF
TIOGA
v.
OVERSEERS OF
SENECA.

VAN NESS, J., delivered the opinion of the court. The plaintiff is entitled to a reward for his services, because the evidence repels the idea, that they were to be performed gratuitously. (*Jacobson* v. *The Executors of Le Grange*, 3 *Johns. Rep.* 200. *Le Sage* v. *Coussmaker and others*, 1 *Esp. N. P. Rep.* 187.) But from the testimony of *John Patterson*, as well as of several other witnesses, it is evident that the plaintiff was to be compensated for his services by a provision to be made for him, by his father, (the defendant,) in his will; and, of course, that no claim for compensation was to be made in his father's lifetime. The defendant is bound to make, and it is to be presumed will make, such a provision for the plaintiff by his will, as will do him perfect justice, and which may be perfectly satisfactory to him, or which, in judgment of law, may amount to a satisfaction. Should the defendant wholly overlook the plaintiff in his will, this would be such an act of injustice, that there can be no doubt the plaintiff might maintain an action, and recover a reasonable compensation for his services. This suit, however, is premature, and cannot be supported. The report of the referees must, therefore, be set aside.

Motion granted.