NEW YORK,
May,1835.

Aldrich
v.
Manton.

## ALDRICH *vs.* MANTON.

An *alien* who has received a conveyance of land *from* an *alien*, may transmit the title by conveyance *to* an *alien*, under the provisions of the acts of the legislature, relative to aliens holding and conveying real estate, passed in 1798 and 1819.

THIS was an action of *ejectment*, tried at the Genesee circuit in March, 1834, before the Hon. ADDISON GARDINER, one of the circuit judges.

On the trial the following facts appeared : *Wilhelm Willinck* and his associates, being *aliens*, on the 18th April,1821, having *title* to the premises in question, conveyed the same to one *H. Seye*, an *alien*, and on the next day *Seye reconveyed* the premises to his grantors,who on the 19th June,1833, sold and conveyed the premises to the plaintiff. The defendant insisted that the deed from *Seye* to Willinck and his associates, the deed from them to the plaintiff, were *void* and *inoperative*, on the ground that the acts of the legislature relative to *aliens holding and conveying real estate*, passed in 1798 and 1819, did not authorize conveyances *from* aliens *to* aliens, in perpetuity ; but that *after one conveyance to an alien*, the force of the act was spent. The judge, however, admitted the deeds in evidence, although objected to, and the jury, under his direction, found a verdict for the plaintiff. The defendant excepted and moved for a new trial.

*H. Putnam*, for defendant.

*J. W. Churchill*, for plaintiff.

*By the Court*, NELSON, J. The act of 1798, provided, " that all and every conveyance, or conveyances, hereafter to be made or executed to any alien or aliens, not being the subject or subjects of some sovereign state or power, which is or shall be at the time of such conveyance at war with the United States of America, shall be deemed valid to vest the estate

thereby granted to such alien or aliens; and it shall and may be lawful to and for such alien or aliens to have and to hold the same to his, her, or their heirs and *assigns* forever, any plea of alienism to the contrary notwithstanding." There is a proviso, that it shall not be lawful for any such alien, or the heirs or *assigns* of any such alien, *being aliens*, to reserve any rent or service whatsoever upon any grant or conveyance whatever to be made of any such lands—and declaring any such reservation to be void. 3 *R. S.* 341, 2. The act of 1819 provides that all deeds or conveyances, made to any alien in pursuance of the above act of 1798, so far as relates to any question or plea of alienism, shall be deemed valid and effectual to vest the lands therein described, " in the several grantees therein named, and their heirs and assigns, according to the nature of the estates thereby created, and in such manner as to authorize the said several grantees and their respective heirs and assigns, being aliens, effectually to give, devise, grant, sell and convey the same in fee, or otherwise, to any other alien," not being the subject of a sovereign at war with the United States, any thing in the act contained to the contrary. *Ibid.* The act of 1819 confirmed and enlarged that of 1798. Taking the enacting clauses and the proviso of the latter act together, and it authorized the *grantee*, his *heirs* and *assigns*, being aliens, to convey the lands vested in them in pursuance of the act, with the qualification as to the reservation of rent. The heirs or assignee, however, could not convey the premises so as to vest the estate in an *alien.* The act of 1819 declared that these grantees, their heirs and assigns, should be deemed vested in such a manner as to authorize each of them, though aliens, " *to give, devise, grant, sell and convey the same (lands) in fee or otherwise, to any other alien*" not a subject of a sovereign at war with this country. The essential difference between the two statutes is, that under the first, the *alien* assignee could not transmit the estate *to an alien*, though he could to a person authorized to take and hold, as he took an estate in fee with the restriction as to leasing the premises, by the terms used in the act; under the latter, he may so transmit the estate, and the grantee, his heirs and assigns, are exempted from the above restriction, as they are au-

NEW YORK, May, 1835.

Aldrich
v.
Manton.

NEW YORK,
May, 1835.

thorized to devise, grant, &c. in fee or otherwise. 2 *Black. Comm.* 293. 2 *Coke Litt.* 211, *n.* (*a.*). Now the case shows that Wilhelm Willinck and others possessed the title to the premises in question on the 18th April, 1821, under the above acts of 1798 and 1819. On the same day they conveyed to H. Seye, an alien. He, on the 21st April, 1821, conveyed back the same premises to Willinck and others, *aliens*, and they, on 19th June, 1833, conveyed to the plaintiff by deed, under which he holds and claims to recover. H. Seye was the assignee, and the act of 1819 authorized him to convey to Willinck and others, aliens. Willinck and his associates held an estate in fee in the premises, under the acts of 1798 and 1819, and were enabled by these acts to *alien* such premises as fully and absolutely as could be done by a *citizen*. The plaintiff, who was a citizen, therefore took the title by deed from them, and is entitled to recover.

New trial denied