Andrews, J.
The contract between the plaintiff and "the decedent, as found by the referee, was that for the additional services to be rendered by the plaintiff, “ he (the intestate) would provide for her in his will or by a codicil.” This must be taken to have been the contract, since the finding is supported by evidence, and no question of variance was raised on the trial.
The decedent made no testamentary provision for the plaintiff, and it is well settled that when services were rendered to a testator under a contract to make compensation therefor by will, and he dies having made no provision therefor, the person rendering the services stands as a creditor of the estate and may recover from his representatives the value of the services. Patterson v. Patterson, 13 Johns., 379 ; Martin v. Wright's Admrs., 13 Wend., *76 460 ; Robinson v. Raynor, 28 N. Y., 494; Reynolds v. Robinson, 64 id., 589. The contract excludes the idea that the services were gratuitous. It, however, fixes no rule by which the damages, can be measured in case of default. What should be the extent of the provision is not expressed. It is, however, a reasonable implication that it should be compensatory, and that the provision not only shall be legal in form,, but that the estate will be in a. situation that in due course the provision made can be satisfied.
Where a testator wholly fails to make the promised provision, there seems in a case like this to be no other rule of damages, practicable except the value of the services.
The contention that the plaintiff has lost nothing, because if the contract had been performed, and provision had been made for her in the will, it would have been ineffectual by reason of the testator’s insolvency, and that therefore she was entitled to nominal damages only, proceeds upon the mistaken construction that a mere illusory provision would satisfy the contract. The contract was to make compensation by will, not a mere provision for compensation, which could not be made available. The provision contemplated was an effectual provision which would secure payment for the services. The main question was, we think,, correctly decided.
The referee in the first instance excluded evidence offered by the defendant of the insolvency of the estate. The evidence was immaterial, but the fact was afterwards shown.
The exception to the finding as to the value of the plaintiff’s services is sought to be supported on the ground that the referee did not award the amount which the estimates of the plaintiff’s, witnesses, based on a hypothetical question, fixed as their value, and that there was no other evidence of value given. The referee awarded a less amount, and we are asked to draw the inference-that he wholly disregarded the evidence of value given by the witnesses, and proceeded on some basis outside of the evidence. The defendant gave no evidence on the subject, and because the referee awarded a less sum than the evidence would have justified may show that he regarded the estimates exaggerated, it. does not show that the evidence was wholly disregarded.
We find no error in the judgment, and it should, therefore, be. affirmed.
Judgment affirmed, with costs.
All concur.