RITCHIE v. BENNETT.

(Supreme Court, Appellate Division, Third Department.    November 16, 1898.)

1. ACTION FOR SERVICES—WHEN LIES.
    Where one verbally agreed to convey lands in consideration of services, and thereafter, when repeated demands were made on him for the conveyance, promised to execute and deliver it, but failed to do so, the value of the services rendered may be recovered without tendering a convey-

ance for execution, since the neglect to convey after repeated demands is equivalent to a refusal.

**2. SAME—DEATH OF EMPLOYER.**
Where services are rendered for one in consideration of a promise to compensate the same by a conveyance of lands, and the promisor dies without making the conveyance, the value of the services may be recovered in an action against his personal representatives.

**3. SAME—DEMAND ON HEIRS.**
A recovery therefor may be had without demanding a conveyance from the heirs, since they can only convey subject to decedent's debts.

Appeal from special term.

Action by Archanna Ritchie against Elizabeth M. Bennett, as administratrix of the estate of Charles H. Cleveland, deceased. There was a judgment for defendant, and plaintiff appeals. Reversed.

The plaintiff, in the month of March, 1895, made a verbal contract with Charles H. Cleveland, deceased, by which the former agreed to receive the latter in her house at Lansingburgh, N. Y., and furnish him board during the balance of his life, the deceased agreeing to pay therefor by a conveyance of his house and lot in Bath, N. Y., valued at about the sum of $1,800. He agreed to make such conveyance after he moved to plaintiff's house. In pursuance of the contract, the deceased commenced living with the plaintiff on the 10th day of April, 1895, remaining there until his death, on February 6, 1897; the value of his board during that period being $428.15. After Mr. Cleveland came to reside with the plaintiff, several requests were made to him by her and her husband to execute the deed of his said house in Bath, pursuant to the contract. While not refusing to make the conveyance at the time of such requests, and professing a willingness to comply therewith, he failed to do so, and died intestate, without fulfilling the contract in that regard. This action was brought against the defendant, his administratrix, to recover the value of the board of deceased for 95 weeks, during which he lived with the plaintiff under such verbal contract. The learned trial court granted the defendant's motion for a nonsuit on the ground that no refusal on the part of the deceased to convey the house and lot in Bath was shown, and that no demand had been made upon his heirs, or refusal upon their part shown, to make such conveyance.

Argued before LANDON, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

P. R. Chapman, for appellant.
J. W. Ecker, for respondent.

PUTNAM, J. It has been held that where one performs services or advances money or other consideration on the faith of a parol contract of another to convey real estate, the value of such services or amount of such consideration cannot be recovered as under an implied contract, unless the party agreeing to convey the land has refused or put it out of his power to do so. Campbell v. Campbell, 65 Barb. 639; Abbott v. Draper, 4 Denio, 51; Day v. Railroad Co., 51 N. Y. 583, 590; Galvin v. Prentice, 45 N. Y. 162–165. It was shown that the plaintiff had fully performed the contract entered into between her and defendant's intestate. She had paid for the land, and was entitled to the conveyance, which the deceased had agreed to make after he moved into the plaintiff's premises. Although he lived with the plaintiff nearly two years, he failed to fulfill his agreement to convey. The witness Robert Ritchie testified:

"After he came there to live I heard my wife tell him he ought to go and deed the property to her. He said he would in a few days,—in a little while. He wasn't feeling well. On other occasions I heard him make remarks. Said he would go and have it fixed over for my wife; have it deeded over,— transferred to her."

Also:

"About two or three months after he came to our house to board I asked him, in the presence of the plaintiff, when he was going to deed this property, and he said he was going to Troy pretty soon, and some person he wanted to see, not mentioning who it was, he would have the place deeded over to her. I think she said something, but don't remember what it was. I had two or three talks with him when he was going to deed the place over, and he always kept putting it off in that way."

This, therefore, was the situation: Mr. Cleveland had, in the verbal contract, agreed to convey his house in Bath to the plaintiff, when he came to her house; that is, within a reasonable time. The plaintiff and her husband, after the lapse of such reasonable time, made repeated demands upon him to make such conveyance, and, while never refusing in words to do so, he failed to comply with their requests. The plaintiff evidently endeavored to obtain the conveyance. She did all that she could to that end. She was not called upon to tender him a deed to be executed. The English practice requiring the vendee to tender a deed has never prevailed in this state. It is naturally the duty "and office of the vendor to have it prepared." Flynn v. McKeon, 6 Duer, 203–207; Stone v. Sprague, 20 Barb. 509; Fuller v. Hubbard, 6 Cow. 13; Ger. Real Estate, 490.

Here, therefore, was a performance of the contract by the plaintiff, and a neglect on the part of the deceased to execute the deed of the Bath house and lot, as he had agreed to, after repeated demands duly made by the plaintiff and her husband to make such conveyance. The deceased neglected to comply with the just demands of the plaintiff. We think the situation is the same as if Mr. Cleveland had in words refused to convey the premises in question to the plaintiff. His neglect to convey, after repeated demands duly made, should be deemed a refusal.

But, assuming that there was no refusal on the part of the deceased to convey the premises in question, in pursuance of the verbal contract, in consequence of his death, his agreement being incapable of performance, was not the plaintiff entitled to recover? It has been held that where services are rendered by one for a deceased party under an agreement by the latter to compensate the former for such services by a devise of real estate, and such agreement is not complied with, the value of such services can be recovered in an action against the personal representatives of such deceased person. Robinson v. Raynor, 28 N. Y. 494; and see Collier v. Rutledge, 136 N. Y. 621, 32 N. E. 626. In Robinson v. Raynor, supra, the deceased having promised to pass the title to real estate by will in payment for services, and having failed to comply with his agreement, the party to whom he made the promise was held entitled to recover the value of the services rendered on the faith thereof. And it was held that it made no difference whether the failure of the deceased arose from accident or design. In the case under consideration Mr. Cleveland

promised to pass the title of the Bath house and lot to the plaintiff by a deed prior to his death, and has failed to do so, no fault being imputed to the plaintiff for such failure, as she did all that was possible to obtain the conveyance. Why, therefore, cannot an action be maintained by the plaintiff to recover for such services rendered on the faith of Mr. Cleveland's promise to convey the property in question, which he has failed to perform, as well as in the case of Robinson v. Raynor, supra, where the promise was to pass the title to the real estate by will? In each case there was a failure to perform the verbal agreement to convey real estate, on the faith of which the services were rendered. The plaintiff has in good faith paid by her services for the Bath house and lot. Mr. Cleveland has died without conveying it to her in pursuance of his agreement, and the contract as to the real estate cannot, therefore, be performed. Under such circumstances, the plaintiff should be entitled to maintain her action. Fuller v. Williams, 7 Cow. 54, and kindred authorities, holding that where a contract is made for the conveyance of real estate, and the vendor dies, a demand for a conveyance must be made of his heirs, and an action cannot be sustained until they refuse to convey the premises in pursuance of the contract of their ancestor, are not parallel to the case under consideration. In the case cited the parties had executed a written and valid contract. Under such a contract the vendee became the equitable owner of the land, and the vendor held the title in trust for him. Stoddard v. Whiting, 46 N. Y. 627. The interest of the vendee was real estate (Code Civ. Proc. § 2479), and that of the vendor personal property (Id. § 2712, subd. 9). In such a case the heirs of the vendor could give a valid title,—the same title of which their ancestor died seised. They could convey the land free and clear of any claim of the general creditors of their ancestor. In this case, the verbal contract of the deceased to convey the house and lot in Bath not being valid, plaintiff could not obtain the title she bargained for from the heirs of Mr. Cleveland. The real estate of the deceased, for the period of three years after the issuing of letters of administration to the defendant, was subject to the payment of his debts. If the plaintiff should take a deed of the house and lot in question from the heirs of Mr. Cleveland, she would be compelled to take it subject to the unknown and undisclosed lien of any creditor or creditors of defendant's intestate. The plaintiff, therefore, was not compelled, in order to maintain this action, to demand a conveyance from the heirs of Mr. Cleveland. They could not convey the title the deceased promised to give. The contract, as to the conveyance of the Bath house and lot, has not been performed by Mr. Cleveland according to his agreement, and is now incapable of performance, and we are of opinion that the plaintiff is entitled to recover the value of the board furnished said deceased on the faith of said agreement.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.