LANE v. CALBY.

(Supreme Court, Appellate Division, Third Department.  May 4, 1904.)

1. DECEDENTS' ESTATES—CREDITORS—AGREEMENT TO PAY BY WILL.
   Where services are rendered under an understanding that they shall be paid for by bequest or devise, and the one served dies without making such provision, the other is a creditor of the estate merely for the value of the services.

2. CONFLICTING INSTRUCTIONS—PREJUDICIAL ERROR.
   Though the principal charge instructed correctly that the measure of damages was the value of the services rendered, a subsequent instruction that, if deceased promised to devise a house in payment of the service, plaintiff might recover an amount equal to the value of the house, is prejudicial, the proof not being full as to the character and extent of the services.

Appeal from Trial Term, Ulster County.

Action by Harriett Lane against John Calby, administrator with the will annexed of William Crawford, deceased.  From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Everett Fowler, for appellant.
Auchmoody & Oakes, for respondent.

HOUGHTON, J.  The action is to recover the value of board and care furnished to and performed for the defendant's testator during several years prior to his death.

The plaintiff and her husband lived in the house of the testator, and there was proof that he had declared he intended to devise the house to the plaintiff in payment for her services and kindness to him. Against the defendant's objection, the value of the house and lot was proved to be $1,000.  In response to a request of the plaintiff's attorney, the court charged the jury that, if they believed the deceased had made such a promise, they might award to the plaintiff an amount equal to the value of the house, to which the defendant excepted.

Aside from the fact that under the issues framed by the complaint no such recovery could be had, the charge was erroneous.  Where services are rendered in pursuance of a mutual understanding that payment shall be made by bequest or devise, and the party dies without making the expected compensation, the one rendering the services stands as a creditor of the estate for their value.  Robinson v. Raynor, 28 N. Y. 494; Collier v. Rutledge, 136 N. Y. 621, 32 N. E. 626; Ritchie v. Bennett, 35 App. Div. 68, 54 N. Y. Supp. 379.

The court in the principal charge had instructed the jury as to the proper rule of damages, and it is insisted that the further instruction did no harm.  We cannot accede to this.  A new element was introduced into the case by the request, and the jury very properly may

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 737.

have assumed that the later instructions superseded the former. The proof was not full as to the character and extent of the services performed, and the jury may possibly have disregarded it, and have rendered their verdict upon the alleged agreement to devise the house and lot, instead of according to the value of the services.

It is further insisted by the appellant that the court also erred in refusing to charge that the plaintiff was bound to establish her claim by clear and satisfactory evidence, and that a nonsuit should have been granted because the evidence failed to meet that requirement. It is unnecessary for us to discuss these propositions, our conclusion having led us to a reversal of the judgment and the granting of a new trial, upon which the testimony may be different from that now presented.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.