## JACKSON v. SMIETANKA, Internal Revenue Collector.

(District Court, N. D. Illinois, E. D. January 7, 1920.)

No. 33109.

Internal revenue 7—Compensation of receiver, not fixed in advance, taxable as income during the year received.

Additional compensation awarded a receiver on his resignation is taxable as income for the year in which it was allowed and paid, though thereafter the court allotted the amount as having been earned during preceding years, under Revenue Act 1918, §§ 212, 213 (Comp. St. Ann. Supp. 1919, §§ 6336⅛f, 6336⅛ff) ; section 206 (section 6336⅛dd), providing for taxation on income subject to different rates for different years, not being applicable to such situation, in view of sections 201, 205 (sections 6336⅛b, 6336⅛d), and Treasury Regulations, art. 1641.

Action by William J. Jackson against Julius F. Smietanka, Collector of Internal Revenue. On demurrer to the declaration. Demurrer sustained.

Gallagher, Kohlsaat & Rinaker, of Chicago, Ill., for plaintiff.
Charles F. Clyne, U. S. Atty., of Chicago, Ill., for defendant.

PAGE, Circuit Judge. This is a demurrer to the declaration. The sole question involved in this case is : Was plaintiff erroneously taxed under the revenue law of 1918, or should he have been taxed under the several laws of the years 1913 to 1918? as plaintiff contends, on an income received as follows:

Plaintiff was on May 27, 1913, appointed a receiver of the Chicago & Eastern Illinois Railroad Company, and served until April 27, 1918, for which he received, under the order of the District Court dated August 4, 1913, $2,000 per month commencing July, 1913, to be received on account, with the liberty on his discharge to apply for further compensation. When he resigned, a general order was entered, on April 27, 1918, allowing him an additional compensation of $100,000. That general order was amended by order of April 22, 1919, as follows:

That said services of said William J. Jackson as receiver were rendered continuously from May 27, 1913, to and including April 27, 1918, and the compensation therefor now allowed was earned and accrued as follows: In the year 1913, $12.144.85; in the year 1914, $20,334.26; in the year 1915, $20,-334.26; in the year 1916, $20,334.26; in the year 1917, $20,334.26; in the year 1918, $6,518.11.

That amendment was entered as of April 27, 1918. The petition for the amended order was filed and the order made long after the tax was assessed. The government was not a party thereto.

Plaintiff cites section 206 of the Revenue Law of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛dd) as a basis for his contention, and says:

"If that section cannot reasonably be applied to such a case as that of plaintiff, we ask to what sort of a case it does apply?"

Article 1641 of Treasury Department regulation 45, under the Revenue Act of 1918, says that section 206 refers to other and wholly different matters, and this interpretation is supported, and in the opinion of the court conclusively, by sections 201 and 205 of the same act (sections 6336⅛b, 6336⅛d), in the former of which direct reference is made to said section 206. After specifying in detail what the gross income includes, section 213 (section 6336⅛ff) provides:

The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period.

Subdivision (b) of section 212 (section 6336⅛f) provides:

The net income shall be computed upon the basis of taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer.

Plaintiff kept no books, so that clause does not apply. It further provides that—

If no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income.

The only language which might apply to plaintiff is—

If no such method of accounting has been so employed * * * computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income.

This seems to leave the burden upon the plaintiff here to show that the method of accounting insisted upon by him has been prescribed as a basis by the commissioner. Article 52 of regulations 45 provides:

Gains, profits, and income are to be included in the gross income for the taxable year in which they are received by the taxpayer, unless they are included when they accrue to him in accordance with the approved method of accounting followed by him.

Article 32 of said regulations 45 states:

Where no determination of compensation is had until the completion of the services, the amount received is income for the calendar year of its determination.

The demurrer is sustained.