NEW ENGLAND TRUST CO., TRUSTEE U/IND. BY ADDIE H. H. SLACK AND IN ITS CAPACITY AS ADM., EXECUTOR, AND TRUSTEE OF ITS SEVERAL ESTATES AND TRUSTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NEW ENGLAND TRUST CO., TRUSTEE U/W OF JAMES LYMAN WHITNEY AND IN ITS CAPACITY AS ADMR., EXOR., AND TRUSTEE OF ITS SEVERAL ESTATES AND TRUSTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12199, 24487. Promulgated September 13, 1928.

*A. H. Dalrymple* for the petitioner.

*J. L. Backstrom, Esq.,* and *R. H. Ritterbush, Esq.,* for the respondent.

## Docket No. 12199.

STERNHAGEN: This proceeding was instituted by petition duly filed and answer in which the facts alleged were admitted. It came on for trial on the merits and not for an interlocutory determination, and is thus submitted for a final decision. The admitted allegations of the petition are as follows:

The taxpayer is a Massachusetts corporation with principal office at 135 Devonshire St., Boston, Mass.

The deficiency letter was mailed to the taxpayer on February 6, 1926.

The taxes in controversy are income taxes for the calendar year 1924 and are less than $10,000., to wit: $20.00 in the instant case and $277.18 or more in the aggregate.

The facts upon which the taxpayer relies as the basis of its appeal are as follows:

(a) The taxpayer collected taxable income (profit from sale of securities) during 1924 and a return of such income was duly made on form 1040 and the tax assessed thereon was duly paid. The form used was the same as that provided for individuals. No special form was or is provided for a trustee or

other fiduciary where the payment of tax is involved. In the absence of instruc-tions to the contrary the taxpayer used the method of computing the tax which was provided for the individual. Credit was taken for 25% of tax on Earned Net Income less Exemption of $1000.

(b) Under date of September 24, 1925, the Collector at Boston first notified The New England Trust Company, Trustee, that estates and trusts are not entitled to a credit for earned income. Seven such notices were received bearing said date, each referring to a different trust. Protest was duly made under date of October 22, 1925, and a hearing was granted and held in the Collector's office on October 30, 1925 at 2 P. M. No 60-day letter has as yet been received relating to this first group.

(c) Under date of December 11, 1925, more notices were forwarded by said Collector relating to other trusts among them being the trust u/ind. by Addie H. H. Slack. All 60-day notices of this group have been received.

(d) Under date of December 31, 1925, The New England Trust Company notified the Collector that its former protest should include the later group of trusts.

At the trial counsel for petitioner presented the question whether a trustee or other fiduciary is entitled to take the so-called earned income credit of 25 per cent provided in section 209, Revenue Act of 1924.[1] Notwithstanding the suggestion made at the hearing as to the inadequacy of the facts of record, the case was rested entirely upon the pleading.

Reduced to its substantive allegations and stripped entirely of the allegations which deal only with procedure during the consideration of the matter before the collector, it appears only that the taxpayer, a corporation, collected taxable income (profit from sale of securi-

---

[1] SEC. 209. (a) For the purposes of this section—

(1) The term "earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

(2) The term "earned income deductions" means such deductions as are allowed by section 214 for the purpose of computing net income, and are properly allocable to or chargeable against earned income.

(3) The term "earned net income" means the excess of the amount of the earned income over the sum of the earned income deductions. If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $10,000.

(b) In the case of an individual the tax shall, in addition to the credits provided in section 222, be credited with 25 per centum of the amount of tax which would be payable if his earned net income constituted his entire net income; but in no case shall the credit allowed under this subdivision exceed 25 per centum of his tax under section 210.

(c) In the case of the members of a partnership the proper part of each share of the net income which consists of earned income shall be determined under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary and shall be separately shown in the return of the partnership and shall be taxed to the member as provided in section 218.

382

ties) during 1924, treated its return as that of an individual, and took credit for 25 per cent of tax on earned net income less exemption of $1,000. It must be apparent that these are insufficient premises from which to reason in respect of the petitioner's right under the Revenue Act of 1924 to defeat a deficiency determined by the Commissioner. The Board can not abstractly consider the provisions of the Revenue Act which it is daily being required to apply to varying situations of fact. Estates and trusts are classified in section 219 of the statute and the tax imposed upon trust income is differently treated in different circumstances. This indicates that the legislative intent was not so broad and sweeping as to permit of a clear abstract adjudication of the meaning of the statute. The application of the law to a trust the income of which is periodically distributable may well involve considerations substantially different from those of a cumulative trust. It would seem that in any event the terms or substance of the trust instrument would require consideration.

We can not say that a corporation collecting money which consists of the profit from the sale of securities is by virtue of that fact alone entitled under section 209 to a credit measured by an amount of "earned income" which is expressly defined in the statute to mean "wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered," even although the first $5,000 received is by the statute removed from the restrictions of this definition. The respondent must, on the record, be sustained.

## *Docket No. 24487.*

This proceeding was submitted at the same time as that of Docket No. 12199, and is subject to the same defects. In this proceeding, however, the answer denies some of the facts alleged in the petition. Without setting forth the pleadings in full, it is only necessary to state that for the reasons set forth in respect of Docket No. 12199, a similar judgment should be entered.

*Judgment in both proceedings will be entered for the respondent.*