COLE L. BLEASE AND LILLIE S. BLEASE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23765. Promulgated June 10, 1929.

*Cole L. Blease* pro se, and *John D. Long, Esq.*, for the petitioners. *T. M. Mather, Esq.*, for the respondent.

OPINION.

MILLIKEN : In the brief filed in behalf of petitioners, the following contentions are made:

1. Unless the tax here levied is imposed by clear and express words of the statute it can not be sustained.

2. Damages for breach of contract to devise should be considered as a devise and not taxable income for the year in which it was received.

3. In any event the proportionate part of the verdict representing services prior to March 1, 1913, can not be taxed, as the first Income Tax Law and the Sixteenth Amendment are not retroactive.

4. If the verdict in this case is taxable income the income should be distributed over the period of ten years in which the services were rendered and not taxed as a whole for the year 1923.

The first and second contentions will be disposed of together. The material parts of section 213 of the Revenue Act of 1921 read:

SEC. 213. That for the purposes of this title (except as otherwise provided in section 233) the term " gross income "—

(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * or gains or profits and income derived from any source whatever. The amount of all such items (except as provided in subdivision (e) of section 201) shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period; but

(b) Does not include the following items, which shall be exempt from taxation under this title:

\*          \*          \*          \*          \*          \*          \*

(3) The value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income) ;

In the complaint in *Blease* v. *Abney, Executor*, it is alleged that the decedent, Benjamin L. Abney, hereafter referred to as the testator, made his home with petitioner Lillie S. Blease, hereafter referred to as complainant, and while so living with her and at his request she " rendered and furnished to him constant, arduous and exacting attention, care, labor and services " and further that " said services, labors and attentions so furnished by plaintiff to the said Benjamin L. Abney were of the value of and reasonably worth the sum of One Hundred Thousand ($100,000.00) Dollars." Laying to one side for the moment the petitioners' allegation relative to tes-

tator's making provision by will for the payment of this obligation, it is obvious that this proceeding falls within the literal provisions of section 213 (a) and that the compensation recovered for the services rendered by complainant to testator constituted gross income as therein defined. Such compensation also falls within the term "income" as defined in *Eisner* v. *Macomber*, 252 U. S. 189. This brings us to the question whether the amount recovered falls within the exception provided by section 213 (b) (3). It is at once apparent that the amount thus recovered was not acquired by gift nor by devise (for no realty is involved) nor by descent. Was it then in the nature of a bequest?

Before discussing the question thus presented, it is proper to state that petitioners in the brief filed in their behalf have referred us to *United States* v. *Merriam*, 265 U. S. 179, and argue: "If devises in lieu of executors' commissions are not taxable, then a devise by Mr. Abney in lieu of services already performed by Mrs. Blease would not be taxable." In the Merriam case, the Supreme Court held that certain legatees who were given legacies in varying amounts and who were by another clause of the will appointed executors with the provision that the bequests made to them should be in lieu of compensation as executors, were entitled to their legacies on condition only that they qualify as executors and prove the will. The court said:

* * * The distinction to be drawn is between compensation fixed by will for services to be rendered by the executor and a legacy to one upon the implied condition that he shall clothe himself with the character of executor. In the former case he must perform the service to earn the compensation. In the latter case he need do no more than in good faith comply with the condition in order to receive the bequest; and in that view the further provision that the bequest shall be in lieu of commissions is, in effect, nothing more than an expression of the testator's will that the executor shall not receive statutory allowance for the services he may render.

In *Ream* v. *Bowers* (C. C. A.), 22 Fed. (2d) 465, the facts were that the decedent bequeathed each of his executors the sum of $50,000 "for acting as executors of this my will, * * *." The court, after referring to *United States* v. *Merriam*, *supra*, held that the amounts received by the executors were subject to Federal income tax. To the same effect, see *Grant* v. *Rose* (D. C.), 24 Fed. (2d) 115. Cf. *Irwin* v. *Gavit*, 268 U. S. 161. It might well be contended that if a legacy bequeathed in payment for future services is taxable, so also is a legacy to pay for past services. Without deciding this question, we pass to the facts of this proceeding.

The trouble here is that it is alleged that the testator made no provision in his will for the compensation of complainant. On this point, petitioners, in the brief filed in their behalf, contend:

The verdict in the case of *Blease* v. *Abney* had the effect of requiring the Abney estate to specifically perform Mr. Abney's contract to devise. It would seem to follow, therefore that the verdict is no more taxable than the bequest.

The purport of this argument is that testator agreed to devise or bequeath something to complainant in compensation for her services, that he failed to do so, and that complainant has by proceeding in court compelled testator's executors to specifically perform the contract. In our opinion, what complainant has done was not to sue for specific performance but for breach of contract. The complaint sets forth the character of the services and the fact that they were rendered at the request of testator. The promise and breach are thus alleged:

That said decedent promised and agreed (constantly repeating and renewing said promises and agreement from time to time) to pay and compensate plaintiff for such services, and especially to make ample provision at his death by Will, to compensate her for such services, the legal and moral obligation of which he constantly recognized and highly valued and appreciated.

That said decedent failed and neglected to carry out his contract and to compensate plaintiff for said services.

The prayer is as follows:

WHEREFORE plaintiff prays judgment against defendant for said sum of One Hundred Thousand ($100,000.00) Dollars for costs and other and further relief.

It is not alleged that testator promised and agreed to devise or bequeath to complainant the whole or any particular part or amount of his estate. For this reason this proceeding is unlike *Bruce* v. *Moon*, 57 S. C. 60; 35 S. E. 415, and similar cases. In the *Moon* case, one Moon agreed to devise and bequeath to one Hattie Bruce all that he possessed at the time of his death, in consideration of her caring for him. In violation of his promise he conveyed his farm to his son as a gift, his son having notice of the agreement with Mrs. Bruce. Mrs. Bruce proceeded in equity against the son, praying that he be held to hold the farm in trust for her. This the court decreed, basing its authority on the power of equity to decree specific performance. Here complainant did not proceed in a court of equity but in a court of law. She did not seek specific performance or any other equitable remedy. Complainant proceeded at law and sought and recovered only a money judgment which gave to her a claim, as we believe, superior to that of any legatee or devisee. As we read the complaint, testator's promise to pay was unconditional and the promise to make ample provision by will had to do only with the time and method of payment. The allegation is that " decedent promised and agreed (constantly repeating and renewing said promise and agreement from time to time) to pay and compensate plaintiff for such services, * * *." This was ample for a complete cause of action. To this allegation complainant added " and especially to make ample pro-

vision at his death by will * * *," thus pointing out one or perhaps the only method of payment. From the record before us, it is impossible to discover whether complainant recovered on the general or the specific promise or on both. If petitioners expect to obtain relief in this proceeding on the ground that complainant recovered solely on the promise to provide for her by will, the burden rests upon them to show that such was the case. This burden they have not sustained.

However, admitting for the purpose of this opinion that the recovery was had solely on the ground that testator breached his contract " to make ample provision at his death by will," we are still of opinion that the amount recovered is income within the meaning of the Revenue Act and of the Sixteenth Amendment. Thus in *Ex parte Simmons*, 247 U. S. 231 the Supreme Court granted a mandamus to a United States District Court to compel that court to try at law a certain count in a complaint. In the particular count, it was alleged that a Mrs. Frank Leslie promised that if the plaintiff would perform certain personal services for her she would bequeath plaintiff the sum of $50,000; that plaintiff had performed the services, and that Mrs. Leslie had bequeathed the sum of only $10,000. She prayed judgment for the amount of $40,000. In granting the writ, the court said:

We do not find sufficient ground for the opinion of the judge in the New York decisions. No doubt alleged contracts to make a provision by will must be approached with great caution in the matter of proof, but there is no doubt that if proved they are valid so far as no statute intervenes. So much seems to be assumed by the order of the judge, and is the law we believe of New York as well as of other States and England. But if valid we see no reason why a contract to bequeath a certain sum should not give rise to an action for damages if broken, as certainly as a contract to pay the same sum in the contractor's life, or at the moment of the contractor's death. *Parker* v. *Coburn*, 10 Allen, 82. * * *

It thus appears that the court perceived no difference between a contract to pay during life and one to pay by means of a will. The same thought is thus stated in *Schwab* v. *Pierro*, 43 Minn. 520; 46 N. W. 71, which was an action for breach of agreement to pay for services by will:

But the rule appears to be well established that where it is mutually understood that services are not to be rendered gratuitously, but to be compensated for in a particular way, then the law will permit a recovery of the reasonable value of such services, if the particular compensation contemplated is not made. *Martin* v. *Wright*, 13 Wend. 463; *McRae* v. *McRae*, 3 Bradf. Sur. 204; *Patterson* v. *Patterson*, 13 Johns. 379; *Quackenbush* v. *Ehle*, 5 Barb. 472; *Robinson* v. *Raynor*, 28 N. Y. 496. * * *

To the same effect is *Stone* v. *Todd*, 49 N. J. L. 274, 8 Atl. 300, where it is said:

In this case the plaintiff came into the employment of the decedent as a stranger, and as his housekeeper. She performed valuable and meritorious services for many years, both in keeping his house and assisting him in farming work. She was industrious, frugal, and aided in the accumulation of his large property. He expressed to others in her presence his gratitude for her kindness and faithfulness, and his purpose to pay her for them. The mere fact that he intended to make a liberal provision for her by will, and so stated, will not defeat her recovery when he failed or neglected so to do. If it was their understanding that she should be paid, *the intended will was but the method of paying an existing and admitted obligation to compensate for the services rendered,* and, if he failed to pay in the manner indicated, the plaintiff is entitled to recover, *as a creditor,* for the value of her services. *Robinson* v. *Raynor,* 28 N. Y. 494; *Martin* v. *Wright,* 13 Wend. 460; *Lisk* v. *Sherman,* 25 Barb. 433; Schouler, Ex'rs. 453.

From the foregoing it appears that by the judgment which she recovered complainant was placed upon the plane of a creditor of the estate of testator and as such her claim took precedence over legacies and devises. Such is the decision of the Court of Appeals of New York in *Collier* v. *Rutledge,* 136 N. Y. 621; 32 N. E. 626. In holding plaintiff in that case could recover as a creditor, the court said:

The contract between the plaintiff and the decedent, as found by the referee, was that for the additional services to be rendered by the plaintiff "he [the intestate] would provide for her in his will or by a codicil." This must be taken to have been the contract, since the finding is supported by evidence, and no question of variance was raised on the trial. The decedent made no testamentary provision for the plaintiff, and it is well settled that when services were rendered to a testator under a contract to make compensation therefor by will, and he dies, having made no provision therefor, the person rendering the services stands as a creditor of the estate, and may recover from his representatives the value of the services. *Patterson* v. *Patterson,* 13 Johns. 379; *Martin* v. *Wright's Adm'rs.,* 13 Wend. 458; *Robinson* v. *Raynor,* 28 N. Y. 494; *Reynolds* v. *Robinson,* 64 N. Y. 589. The contract excludes the idea that the services were gratuitous. It, however, fixes no rule by which the damages can be measured in case of default. What should be the extent of the provision is not expressed. It is, however, a reasonable implication that it should be compensatory, and that the provision not only shall be legal in form, but that the estate will be in a situation that in due course the provision made can be satisfied. Where a testator wholly fails to make the promised provision, there seems, in a case like this, to be no other rule of damages practicable except the value of the services. The contention that the plaintiff has lost nothing, because, if the contract had been performed, and provision had been made for her in the will, it would have been ineffectual by reason of the testator's insolvency, and that, therefore, she was entitled to nominal damages only, proceeds upon the mistaken construction that a mere illusory provision would satisfy the contract. The contract was to make compensation by will, not a mere provision for compensation, which could not be made available. The provision contemplated was an effectual provision, which would secure payment for the services. The main question was, we think, correctly decided.

The allegation in the complaint in *Blease* v. *Abney,* relative to the promise to make provision by will, reads, "and especially to make ample provision at his death by will, to compensate her for said

services, \* \* \*." This allegation brings this case within the rule laid down in *Collier* v. *Rutledge, supra.* We are clearly of opinion that complainant participated in the estate of testator as a creditor and not as a legatee and that the amount recovered by her was compensation for services rendered and therefore income within the meaning of section 213 (a) of the Revenue Act of 1921.

This brings us to petitioners' third contention, which is that " the proportionate part of the verdict representing services prior to March 1, 1913, can not be taxed, \* \* \*." There is no allegation of fact in the petition relative to this error. Neither is there any evidence in the record bearing thereon. It is true that the copy of the complaint filed contains the allegation that testator on some unidentified day in April, 1911, came to plaintiff's home and remained there until his death in November, 1921, and that during this period the services alleged were rendered. This is denied by the answer, which, in addition to other defenses, contains the plea of the statute of limitations. Complainant recovered judgment for the sum of $25,000, which is precisely one-fourth of the amount sought to be recovered. What caused this reduction we do not know. Was compensation for the earlier services eliminated or was the amount sued for deemed excessive? We do not know. The complaint contains allegations relative to periods when testator was ill and to difficult care and nursing during such periods. When did these periods occur? Were they prior or subsequent to March 1, 1913, or both prior and subsequent thereto, and what, if any, was the amount recovered for such nursing and care, in addition to ordinary care and keep? We do not know. Was real estate devised and afterwards conveyed to complainant as alleged in the answer and was such devise or conveyance in consideration of services? We do not know. Neither by pleading nor evidence is any segregation made of the compensation recovered. There is no allegation in the complaint to the effect that any fixed or regular charges were made. On the contrary, complainant sued and recovered upon a *quantum meruit.* To attempt on the facts of this meager record to attribute any particular part of the recovery to the period prior to March 1, 1913, would be to indulge in speculation pure and simple. Thus it abundantly appears we can not make such segregation. This being true, we have presented solely the legal question whether upon the facts of the record any part, if attributable to such period, is or is not taxable. We have consistently refused to pass upon questions of law where the facts presented are insufficient to permit us to dispose of the issues raised. *New England Trust Co. Trustee, etc.*, 13 B. T. A. 380; *B. Estes Vaughan*, 15 B. T. A. 596; *Ohio Clover Leaf Dairy Co.*, 8 B. T. A. 1249; and *James R. Parkey et al.*, 16 B. T. A. 441. In the absence of proper pleadings and of any evidence bearing on this contention, we are constrained to hold that there are not sufficient

facts before us upon which we could base a decision and therefore the action of respondent in this respect must be affirmed.

Petitioners' fourth contention is that, if taxable, the compensation should be distributed over the 10-year period during which it is alleged the services were rendered. Even if petitioners were entitled to this relief, we would be unable to apportion the amount recovered. over the period during which it is alleged they were rendered, for the reasons just above set forth. There is no allegation in the complaint nor any evidence before us to the effect that complainant kept her books of account on an accrual basis. Petitioners made a joint return which discloses that the business or profession of petitioner, Cole L. Blease, was that of a lawyer. The only income returned was income from his profession and interest on bank deposits, notes, mortgages and corporation bonds. Lawyers do not usually keep their accounts on an accrual basis—neither do housewives. At any rate, the burden rests on petitioners to show error in this respect on the part of respondent and we have concluded and so found that petitioners kept their accounts and made their returns on a cash receipts and disbursements basis and therefore their income is taxable only in the year received. To hold otherwise would be to disregard the difference between the two systems of accounting. Cf. *Jackson* v. *Smietanka* (C. C. A.), 272 Fed. 970; *Holbrook* v. *Moore*, 293 Fed. 264, and the unreported decision of Judge Lowell in District Court of the United States for the District of Massachusetts, in *Forbes* v. *Nichols*, decided July 28, 1927.

Upon the whole case we are of opinion that the action of respondent should be affirmed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*