### FRATES v. OKLAHOMA TAX COMMISSION et al.

No. 27266.   Nov. 10, 1936.

Felix A. Bodovitz, for plaintiff in error.

C. D. Cund and A. L. Herr, for defendants in error.

RILEY, J. This is an appeal from a judgment denying plaintiff relief in an action to recover a portion of income tax paid under protest.

The income involved was for the year 1932, and was that part of plaintiff's income during that year paid to him for services as receiver appointed by the United States District Court for the Northern District of Oklahoma for the Oklahoma Union Railway Company and Union Transportation Company, and amounted to $4,801.50.

Plaintiff deducted said amount in his income tax return for said year, claiming same as exempt under the provision of subdivision (e) sec. 5, art. 7, ch. 66, S. L. 1931.

The Oklahoma Tax Commission disallowed the deduction. Thereafter plaintiff paid under protest the amount claimed and brought this action to recover same.

In his petition plaintiff claimed the income as exempt upon two grounds: First, that it was received by him as an officer of the United States, and therefore exempt under subdivision (e), supra, and if not specifically exempt thereunder, a tax by the state on his compensation as a receiver and officer of the United States District Court would be hampering the instrumentalities of the federal government in the discharge of its sovereignty, and violative of the Constitution of the United States.

The trial court held adversely to his contention, and he appeals.

It is contended that a receiver appointed by a United States District Court is an officer of the United States.

It has been so held in a number of cases, but not in cases involving the right of a state to tax the compensation of such receivers, with the exception of State ex rel. v. Truman, 319 Mo. 423, 4 S. W. (2d) 433. It was there held:

"A receiver appointed by the federal court is a federal officer as affects taxation of his income, a 'public officer' being an officer who receives his authority from the law and discharges some of the functions of government."

As affects the right of the United States to tax the income of receivers appointed by the federal court, all the federal authorities hold that such receiver is not an officer or employee of the United States. Fleming v. Bowers, 11 Fed. (2d) 789; Jackson v. Smietanka, 267 Fed. 932.

The same rule is applied to the compensation paid receivers appointed by state courts. Miller v. McCaughn, 22 Fed. (2d) 165; Wright v. Com'r Int. Rev., 29 B. T. A. 1267; Abbott v. Com'r Int. Rev., 30 B. T. A. 227; Strickland v. Com'r Int. Rev., 32 B. T. A. 804.

The same rule is applied to executors, administrators, etc. 63 Ct. of Claims 100.

The federal authorities, including the Supreme Court of the United States, are contrary to State ex rel. v. Truman, supra.

In Helvering, Com'r, v. Powers, 293 U. S. 214, reversing the Circuit Court of Appeals. 68 Fed. (2d) 634, it is held that salaries of trustées appointed pursuant to an act of the state Legislature, to operate the properties of a street railway company, are not constitutionally immune from income tax under Federal Revenue Acts of 1926-1928.

It is agreed that the analogy between that case and the case at bar is close. Plaintiff cites the same case in 68 Fed. (2d) 634, and defendant points out that the Supreme Court of the United States reversed that holding.

Futhermore, the state statute of Missouri on the subject of exemption differs materially from our own.

The Missouri statute (Rev. St. Mo. 1919, sec. 13109) in effect at the time the case arose provided:

"The compensation of public officers for public service shall not be computed as a part of the taxable income in such cases where the taxation thereof would be repugnant to the Constitution."

The Oklahoma statute (O. S. 1931, c. 66, art. 7, sec. 5 [e]) is:

"The following items shall not be included in gross income and shall be exempt from taxation under this act: * * * (e) salaries, wages and other compensation received from the United States by officers or employees thereof, including persons in the military or naval forces of the United States."

Conceding, then, for some purposes that a federal receiver is an officer of the United

States, his compensation would not be exempt under our statute unless he received it from the United States. It is not contended that the plaintiff in this case received his compensation from the United States. On the contrary, it seems certain that he was paid out of the property or income from the property of the two companies placed in his hands.

The other contention is that a receiver appointed by a federal court is a federal instrumentality, and for that reason the state has no power to tax his compensation.

The Supreme Court of Missouri so held in State ex rel. v. Truman, supra, but in this respect the federal authorities hold to the contrary.

As to a receiver appointed by a state court, the federal authorities uniformly hold such receiver not a state instrumentality so as to exempt their compensation from federal income tax. Wright v. Com. Int. Rev., supra. Therein it was said:

"Unless under the terms of the appropriate controlling statutes, those persons can be deemed to be an agency through which the state immediately and directly exercises its sovereign powers, they are not entitled to exemption from federal income tax." Citing Metcalf & Eddy v. Mitchell, 269 U. S. 514; Lucas v. Howard, 280 U. S. 526; Lucas v. Reed, 281 U. S. 699, and others.

It is then said:

"In the instant case the services rendered by the petitioner, while in the furtherance of the administration of justice, were not such as to make his position an integral part of the judicial system of the state of New Jersey. The immediate and direct functioning of the judicial system of that state was in the hands of another or others, and not in the hands of the petitioner. * * * The petitioner being neither an officer nor employee of the state of New Jersey, nor an agency or instrumentality through which the state immediately and directly exercises its sovereign powers, we do not perceive the imposition of any burden upon the state in the exercise of its sovereign powers by the subjection to the federal income tax of the amount of the fees involved herein."

The exemption as to state and federal income tax are reciprocal. Metcalf & Eddy v. Mitchell, supra. Therein it is said:

"It rests on the conviction that each government, in order that it may administer its affairs within its own sphere, must be left free from undue interference by the other."

It follows that if a federal tax on the fees received by a state receiver does not consti-

tute a tax or burden upon a state instrumentality, a state tax on the fees or compensation of a receiver appointed by a federal court does not constitute a tax or burden upon a federal instrumentality.

In view of the uniform federal rule, we are not inclined to follow the decision of the Supreme Court of Missouri in State ex rel. v. Truman, supra.

We hold that in respect to a tax by the state upon the compensation of a receiver appointed by a federal court, such receiver is not such a federal instrumentality or agency as to exempt his compensation from such tax. Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. WELCH and CORN, JJ., absent.